UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WAYNE A. MELANCON, JR. (DOC #157797)

VERSUS                                              CIVIL ACTION

ASCENSION PARISH SHERIFF                            NUMBER 14-486-JJB-SCR
OFFICE, ET AL

### RULING ON MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff filed a letter on December 31, 2014 which shall be treated as a motion for appointment of counsel. Record document number 19.

Pro se plaintiff, an inmate currently confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Ascension Parish Jail Warden Raymond L. McNeil, Dr. Tie Gautreau, Dy. Sheriff Jon Small, Internal Affairs Officer Lt. Jude Richard, Warden Paul Hall, Lt. Col. Bobby Weber and Sheriff Jeffery F. Wiley.[1] Generally, the plaintiff alleged that between July 2012 and August 2014, he was denied adequate medical treatment, subjected to verbal abuse, issued false disciplinary reports, and received no response to correspondence and administrative grievances. Specifically, the plaintiff alleged that his eyes were injured when Dy. Small pointed a laser in his eyes to wake him, he was verbally abused, Dr. Gautreau misdiagnosed him as suffering from pink eye, Lt. McNeil

---

[1] Record document number 4.

failed to promptly deliver a package from his mother, he was issued a false disciplinary report for possession of contraband, the defendants failed to protect him from attack by a fellow inmate, he was denied medical treatment and pain medication for injuries sustained during the assault by a fellow inmate, he was denied access to an inmate counsel, Warden Hall failed to assist him in obtaining help from the district attorney, he was denied medical treatment for complaints of ear pain, loss of hearing and bleeding in his mouth, his pill crusher was confiscated by a nurse, and he was denied dental treatment to repair his teeth, all in violation of his constitutional rights.

Although the plaintiff alleged numerous claims, the factual basis for those claims is not complex. Liberally construed, the plaintiff claims fall into four categories: denial of adequate medical and dental treatment, failure to protect him from attack by a fellow inmate, verbal abuse, and issuance of a false disciplinary report.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must draw the inference. *Id*.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment he felt he should have is not the issue. *Estelle v. Gamble*, supra; *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981). Unsuccessful medical treatment does not give rise to a Section 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen, supra*. Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation. *Varnado, supra*.

Allegations of verbal abuse alone do not present claims under section 1983. "Mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation." *McFadden v. Lucas*, 713 F.2d 143 (5th Cir.), *cert. denied*, 464 U.S. 998, 104 S.Ct. 499 (1983); *Burnette v. Phelps*, 621 F.Supp. 1157 (M.D. La. 1985); *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973).

Under § 1983, allegations that the plaintiff was reported or punished for an act he did not commit do not amount to a denial of due process where the state provides a procedurally adequate

3

hearing. *Collins v. King*, 743 F.2d 248 (5th Cir. 1984).

Plaintiff appears capable of adequately investigating his case. He filed a factually detailed complaint setting forth clearly and concisely the details of the alleged incident.

Appointment of counsel would likely be of some benefit to the plaintiff, but it would do little to assist in the examination of the witnesses or shaping the issues for trial.

Consideration of the factors set forth in *Ulmer v. Chancellor*, 691 F.2d 209, 211 (5th Cir. 1982), does not support a finding that appointment of counsel for the plaintiff is either required or warranted.

Accordingly, the plaintiff's Motion for the Appointment of Counsel is denied.

Baton Rouge, Louisiana, January 13, 2015.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE