UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYNE A. MELANCON, JR. (#157797)** | **CIVIL ACTION** |
| **VERSUS** | |
| **ASCENSION PARISH SHERIFF OFFICE, ET AL.** | **NO. 14-0486-JJB-EWD** |

**O R D E R**

Before the Court are Plaintiff's Motion to Sequester Records (R. Doc. 43), Motion to Compel and Sequester Records (R. Doc. 44), and Motion … for Sanctions (R. Doc. 46). The Court interprets these motions as essentially seeking to compel responses to discovery from Defendants. These motions are not opposed.

In August 2015, Plaintiff submitted a Request for Production of Documents to Defendants' attorney of record (R. Doc. 34). Plaintiff requested therein a copy of "any and all paperwork, medical and non medical records from the Ascension Parish Jail/Sheriff's Office about me Wayne A. Melancon Jr." Plaintiff subsequently propounded Interrogatories to defendants (R. Doc. 40), wherein he apparently sought information and/or documentation regarding specific administrative grievances that he had submitted to personnel at the Ascension Parish Jail in 2013 and 2014. The record does not reflect that any formal objection or responses were filed by Defendants to Plaintiff's discovery requests.[1] Instead, there is a single item of correspondence addressed to Plaintiff from Defendants' attorney, dated October 1, 2015 (R. Doc. 45), wherein the attorney stated that he was enclosing (1) copies of medical records obtained by Defendants pursuant to a

---

[1] In this regard, the Court ordered the parties to file all discovery requests and responses into the record of this matter. *See* R. Doc. 13.

medical records deposition of Prevost Memorial Hospital, and (2) copies of certain administrative grievance forms that Plaintiff had requested and that were allegedly responsive to Plaintiff's Interrogatories Nos. 1, 2, 4, 6, 7 and 13.  The referenced correspondence further stated that "[t]he defendants are not in possession of the other items requested in Interrogatory Nos. 3, 5, 8, 9, 10, 11, 12, 14, and 15."  This correspondence, however, does not constitute a proper response to Plaintiff's discovery requests and, in any event, to the extent that the correspondence may loosely be interpreted as such a response, the Court notes that, by failing to attach and file the referenced medical records and grievance forms in the record, Defendants have failed to comply with the Court's Order of December 11, 2014 (R. Doc. 13), which directed that "all discovery … responses shall be filed in the record of this matter."

The Court is faced with competing considerations in connection with Plaintiff's pending motions.  On one hand, these motions are procedurally deficient because they do not include certificates of service[2] and do not include certification, as required by Rule 37(a)(1), Fed. R. Civ. P., that Plaintiff has conferred or attempted to confer with opposing counsel in a good faith attempt to resolve the discovery dispute without Court intervention.  On the other hand, the docket reflects that Defendants have provided no formal response or objection *whatever* in connection with Plaintiff's discovery requests, nor have Defendants sought an extension of time to respond thereto, nor have Defendants submitted any response or opposition to Plaintiff's instant motions to compel and for sanctions.   In the Court's view, these omissions by Defendants weigh in favor of granting Plaintiff's motions notwithstanding the noted procedural deficiencies.  Further, inasmuch as a failure to timely respond to a discovery request generally waives any objections that

---

[2] Notwithstanding the absence of a certificate of service, the Docket Sheet reflects that Defendants' attorney was served by electronic transmission with notification of plaintiff's discovery requests and the instant motions to compel and for sanctions.

a party may have to such request, it would be an exercise in futility for the Court to deny Plaintiff's motions and require that he first confer with opposing counsel in an attempt to obtain appropriate responses. Notwithstanding, the Court further finds that the imposition of sanctions is not appropriate at this time and will not penalize Defendants for failing to previously respond to Plaintiff's discovery requests. Accordingly,

**IT IS ORDERED** that Plaintiff's Motions to Sequester Records (R. Doc. 43) and Motion to Compel and Sequester Records (R. Doc. 44) are hereby **GRANTED**, and Defendants shall respond to Plaintiff's Interrogatories and Request for Production of Documents (R. Docs. 34 and 40), and file a copy thereof into the record of this proceeding, within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion … for Sanctions (R. Doc. 46) is hereby **DENIED** at this juncture.

Signed in Baton Rouge, Louisiana, on April 21, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**