# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WAYNE A. MELANCON, JR. (#157797)**  **CIVIL ACTION**

**VERSUS**

**ASCENSION PARISH SHERIFF OFFICE, ET AL.**  **NO. 14-0486-JJB-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 28, 2016.

_____
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WAYNE A. MELANCON, JR. (#157797)**            **CIVIL ACTION**

**VERSUS**

**ASCENSION PARISH SHERIFF OFFICE, ET AL.**            **NO. 14-0486-JJB-EWD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Motion for Summary Judgment (R. Doc. 47).  This motion is opposed.

*Pro se* Plaintiff, an inmate previously confined at the Ascension Parish Jail ("APJ"), Donaldsonville, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against APJ Ass't Warden Raymond McNeil, Dr. Tie Gautreau, Dpty Sheriff Jon Small, Internal Affairs Officer Lt. Jude Richard, Warden Paul Hall, Lt. Col. Bobby Weber, and Sheriff Jeffery F. Wiley.   Plaintiff's complaint includes a litany of events allegedly occurring at the Ascension Parish Jail between July 2012 and August 2014.   Plaintiff alleges, *inter alia,* that he was subjected to a physical assault by a correctional officer, was generally denied adequate medical treatment, was subjected to threats and verbal abuse, was denied access to personal property, was charged with false disciplinary reports, was denied protection from a co-inmate, and was generally denied responses to his correspondence and administrative grievances.[1]

Plaintiff moves for summary judgment, apparently relying only upon the pleadings and the

---

[1] Although the  record reflects that defendants Jon Small and Tie Gautreau were served with process in this proceeding, *see* R. Doc. 29), neither of these defendants has appeared in this proceeding.

allegations of his unsworn Complaint.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Fed. R. Civ. P. The moving party bears the initial burden of informing the Court of the basis for the motion and identifying those portions of the pleadings, depositions and discovery responses, together with affidavits, if any, that the party believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response or failure to respond. *Ford-Evans v. Smith*, 206 Fed. Appx. 332 (5th Cir. 2006), *quoting Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). The nonmoving party is not required to respond to the motion until the movant has met its burden and properly supported the motion with competent evidence. *Id.* Only "[i]f the movant … meet[s] this burden [must] the nonmovant … go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air, supra*, 37 F.3d at 1075.

The Court concludes, on the record before it, that Plaintiff's motion for summary judgment should be denied. Plaintiff has not presented any legal argument and has not attached to his motion certified copies of any exhibits, sworn statements by persons attesting to the truth of his allegations, or even his own sworn statement relative thereto. To the contrary, the sole basis for Plaintiff's motion appears to be his contention that Defendants are "wasteing the Court's time and my time with unnecessary delys [sic]." Accordingly, there is no legal basis for Plaintiff's motion and no evidence properly before the Court, and Plaintiff has not made a sufficient showing of entitlement to relief nor of the absence of any genuine issues of material fact.

## **RECOMMENDATION**

It is recommended that Plaintiff's Motion for Summary Judgment (R. Doc. 47), be denied and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on June 28, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**