UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYNE A. MELANCON, JR. (#157797)** | **CIVIL ACTION** |
| **VERSUS** | |
| **ASCENSION PARISH SHERIFF OFFICE, ET AL.** | **NO. 14-0486-JJB-EWD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 18, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WAYNE A. MELANCON, JR. (#157797)**          **CIVIL ACTION**

**VERSUS**

**ASCENSION PARISH SHERIFF OFFICE, ET AL.**          **NO. 14-0486-JJB-EWD**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, an inmate previously confined at the Ascension Parish Jail ("APJ"), Donaldsonville, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Ass't Warden Raymond McNeil, Dr. Tie Gautreau, Dpty Sheriff Jon Small, Internal Affairs Officer Lt. Jude Richard, Warden Paul Hall, Lt. Col. Bobby Weber, and Sheriff Jeffery F. Wiley.  Plaintiff's complaint includes a litany of events allegedly occurring at the Ascension Parish Jail between July 2012 and August 2014.  Plaintiff alleges, *inter alia,* that he was subjected to a physical assault by a correctional officer, was generally denied adequate medical treatment, was subjected to threats and verbal abuse, was denied access to personal property, was charged with false disciplinary reports, was denied protection from a co-inmate, and was generally denied responses to his correspondence and administrative grievances.

The record reflects that Defendants Jon Small and Tie Gautreau were purportedly served with summons and the Complaint in this proceeding on May 5, 2015.  *See* R. Doc. 29. Notwithstanding, neither of these Defendants has appeared in this proceeding.  Pursuant to Order dated June 28, 2016 (R. Doc. 69), the Court advised Plaintiff of the provisions of Local Rule 41(b)(1)(B) of this Court, which provides that a civil proceeding may be dismissed for lack of

prosecution where no responsive pleadings have been filed and no default has been entered against a defendant within sixty days after service of process, and Plaintiff is unable to show good cause for his failure to take action. Further, the Court's Order directed Plaintiff to appear and show cause, in writing, why his claims asserted against Defendants Small and Gautreau should not be dismissed for failure to prosecute. *See id*. On July 11, 2016, Plaintiff filed a response but asserted therein merely that he did not want Defendants Small and Gautreau to be dismissed and that he thought he was doing well in this case notwithstanding his unfamiliarity with legal proceedings and his lack of knowledge of the procedural rules attendant to matters before this Court. *See* R. Doc. 75. Plaintiff did not, however, then or thereafter, request that a default be entered against either Defendant and has taken no action whatever since that time to pursue his claims asserted against them or obtain a default judgment. As such, Plaintiff has failed to show good cause for his failure to prosecute his claims against Defendants Jon Small and Tie Gautreau, and these Defendants are entitled to dismissal of Plaintiff's claims asserted against them.

    To establish good cause, a litigant must generally demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *See Thrasher v. City of Amarillo*, 709 F.3d 509 (5th Cir. 2013), *quoting Systems Signs Supplies v. U.S. Dept. of Justice, Washington, D.C.*, 903 F.2d 1011 (5th Cir. 1990). Nor may a *pro se* litigant rely upon ignorance alone in establishing good cause for non-compliance with applicable rules. *Id*. (addressing good cause in the context of a failure to timely effect service upon defendants). And even were the Court to apply a heightened standard to Plaintiff's failure to prosecute his claims against Defendants Small and Gautreau – because a dismissal of these Defendants would theoretically be with prejudice, *see id*. – the Court nonetheless finds no basis to forgive Plaintiff's lengthy period of inactivity. Plaintiff

was advised by the Court more than a year ago of the need to take action to prosecute his claims against Defendants Small and Gautreau and to request the entry of a default against them. His failure to make any inquiry or take any action relative to these Defendants since that time amounts to a clear record of delay as to which Plaintiff is wholly responsible. *See id*. (noting that a clear record of delay combined with the delay having been caused "by [the] plaintiff himself and not his attorney" supported the dismissal of the plaintiff's claims in that case). Accordingly, the Court recommends dismissal of Plaintiff's claims asserted against Defendants Jon Small and Tie Gautreau.

## **RECOMMENDATION**

It is recommended that Plaintiff's claims asserted against Defendants Jon Small and Tie Gautreau be dismissed, without prejudice, for failure of Plaintiff to prosecute this proceeding against them. It is further recommended, in accordance with Local Rule 41 of this Court, that the Order of Dismissal provide for reinstatement of Plaintiff's claims asserted against these Defendants upon a showing of good cause within thirty days, and that this matter be referred back to the undersigned for further proceedings.

Signed in Baton Rouge, Louisiana, on July 18, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**