UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WAYNE A. MELANCON, JR. (#157797) | CIVIL ACTION |
| VERSUS | |
| ASCENSION PARISH SHERIFF OFFICE, ET AL. | NO. 14-00486-JJB-EWD |

## RULING

*Pro se* Plaintiff, an inmate previously confined at the Ascension Parish Jail ("APJ"), Donaldsonville, Louisiana, filed this action pursuant to 42 U.S.C. ' 1983 against Ass't Warden Raymond McNeil, Dr. Tie Gautreau, Dpty Sheriff Jon Small, Internal Affairs Officer Lt. Jude Richard, Warden Paul Hall, Lt. Col. Bobby Weber, and Sheriff Jeffery F. Wiley. Plaintiff's complaint includes a litany of events allegedly occurring at the Ascension Parish Jail between July 2012 and August 2014. Plaintiff alleges, inter alia, that he was subjected to a physical assault by a correctional officer, was generally denied adequate medical treatment, was subjected to threats and verbal abuse, was denied access to personal property, was charged with false disciplinary reports, was denied protection from a co-inmate, and was generally denied responses to his correspondence and administrative grievances.

Pursuant to the Magistrate Judge's Report dated July 18, 2017 (R. Doc. 96), the Court recommended that Plaintiff's claims asserted against Defendants Joh Small and Tie Gautreau be dismissed, without prejudice, for failure of Plaintiff to prosecute this proceeding against them. A review of the record by the Court, however, reflects that the referenced Magistrate Judge's Report, which was forwarded to Plaintiff at his then-record address, has

1

been returned to the Court as undeliverable, marked "Return To Sender," apparently because Plaintiff is no longer confined at the facility that he provided as his record address. *See* R. Doc. 97. In addition, the Court has learned, through a visit to the Louisiana Automated Victim Notification System website (www.vinelink.com), that Plaintiff was released from the custody of the Louisiana Department of Public Safety and Corrections and is no longer confined at that facility. It thus appears that Plaintiff may have lost interest in pursuing this matter since his release or transfer from the referenced facility.

Pursuant to Local Rule 41(b)(4) of this Court, the failure of a *pro se* litigant to keep the Court apprised of a change of address may constitute cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days. As a practical matter, this case cannot proceed without an address where Plaintiff may be reached and where he may receive pleadings, notices or rulings. Accordingly, the Court concludes that the above-captioned proceeding should be dismissed, without prejudice, for failure of Plaintiff to prosecute this proceeding by failing to keep the Court apprised of a current address.

**IT IS ORDERED** that the above-captioned proceeding be **DISMISSED**, without prejudice, for failure of Plaintiff to prosecute this proceeding by failing to keep the Court apprised of a current address. Judgment shall be entered accordingly.

Signed in Baton Rouge, Louisiana, on September 11th, 2017.

_____
JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

2